# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00143-MR
# (CRIMINAL CASE NO. 1:12-cr-00012-MR-DLH-2)

| | |
|---|---|
| **CLINTON HUGO WILSON, Jr.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1],[1] Petitioner's Supplemental Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 3], and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 10]. The Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:16-cv-00143-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:12-cr-00012-MR-DLH-2.

I.   **BACKGROUND**

On February 8, 2012, Petitioner Clinton Hugo Wilson, Jr., ("Petitioner") was charged, along with his co-defendants Donzell Ali McKinney and Kylie Brooke Rumfelt, in a Bill of Indictment with one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Two); and one count of possessing and discharging a firearm in furtherance of a "crime of violence," that is Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three). [CR Doc. 1: Indictment]. On August 15, 2012, Petitioner and the Government entered into an Amended Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts One and Three and the Government agreed to dismiss Count Two. [CR Doc. 40 at 1: Amended Plea Agreement].

On March 20, 2013, the Court sentenced Petitioner to a term of imprisonment of 46 months on Count One and 120 months on Count Two, to be served consecutively to the term imposed on Count One, for a total term of 166 months' imprisonment. [CR Doc. 66 at 2: Judgment]. Judgment on this conviction was entered on April 3, 2013. [Id.]. Petitioner did not file a direct appeal from this Judgment.

On May 26, 2016, Petitioner filed a *pro se* motion to vacate sentence

under 28 U.S.C. § 2255. [CV Doc. 1]. On June 21, 2016, counsel with the Federal Defender's office filed, on Petitioner's behalf, a Supplemental Motion to Vacate Sentence, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 3]. The Court conducted an initial screening of Petitioner's Motion and the Supplemental Motion. The Court found that these motions appeared to be untimely under § 2255(f)(1), but were filed within one year of Johnson, § 2255(f)(3), and that Petitioner stated a colorable claim for relief cognizable under § 2255(a). [CV Doc. 4 at 2]. The Court, therefore, ordered the Government to respond to these motions. [Id.].

Then, upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, or United States v. Simms, No. 15-4640. [CV Doc. 5]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. On the Government's request, this matter was in turn stayed pending Davis. The Supreme Court decided Davis on June 24, 2019. The next day this Court lifted the stay and ordered the Government to respond to the Petitioner's motion by August 23, 2019. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 10]. The Petitioner, despite being represented

by counsel, did not respond.

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petitioner's *Pro Se* Motion to Vacate.

In his *pro se* motion to vacate, Petitioner seeks relief under § 2255 on three grounds: (1) ineffective assistance of counsel because Petitioner told his lawyer "that the Government prosecutor should be held to some sort of reprimand for failing to let him argue that evidence was withheld on the Government[']s part concerning five different statements of a female co-defendant and he failed to appeal;" (2) prosecutorial misconduct for withholding five different conflicting statements made by a female co-

defendant until after Petitioner pleaded guilty "under violation of the Brady [*sic*] rule;" and (3) a due process violation for "putting a Defendant in prison for a loss of liberty based on false evidence and conduct that is not criminal." [Doc. 1 at 4].

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, judgment was entered in this action on April 3, 2013, and Petitioner did not appeal. [CR Doc. 66]. Petitioner's conviction, therefore, became final for purposes of Section 2255(f) fourteen days after judgment was entered, on April 17, 2013. See Fed. R. App. P. 4(b)(1)(A). Petitioner did not file his Section 2255 motion to vacate, however, until more than three years later, on May 26, 2016. [See CV Doc. 1]. As such, Petitioner's motion is time barred, unless equitable tolling applies.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

The Petitioner here contends that he failed to file his § 2255 motion

until now because "[his] lawyer failed to place [his] appeal on these issues after being directed to do so by [Petitioner]." [CV Doc. at 5]. This is not an "extraordinary circumstance" warranting the application of equitable tolling. See Sosa, 364 F.3d at 512. Here, Petitioner should have discovered his attorney's alleged failure to file an appeal well before the one-year limitations period ended and certainly well before he filed his § 2255 motion to vacate in 2016. Wiley v. United States, 2011 WL 737063, at *2 (W.D.N.C. 2011) (holding that petitioner, had he exercised reasonable diligence, would have discovered that his counsel failed to file an appeal well before the expiration of the statutory period). Accordingly, Petitioner cannot establish that he diligently pursued his rights. See Holland, 560 U.S. at 649.

Equitable tolling, therefore, does not apply to save the claims Plaintiff asserted in his *pro se* motion to vacate his sentence. As such, the Court will grant the Government's motion to dismiss insofar as it relates to Petitioner's *pro se* motion to vacate.

    **B.**    **Petitioner's Supplemental Motion to Vacate under <u>Johnson</u>.**

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims argues he is entitled

to relief on these grounds because, under Johnson, his conviction on Count Three was imposed in violation of the Constitution and laws of the United States. [CV Doc. 3 at 2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

In his Supplemental Motion, the Petitioner argues his § 924(c) conviction is invalid under Johnson. [Doc. 3 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence."

Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, Petitioner's conviction for Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 3 at 4]. Three years after the Petitioner filed his Supplemental Motion, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Count Three is valid only if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause. Recently, the Fourth Circuit squarely addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), concluding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." 932 F.3d at 266.

As such, Petitioner's conviction under 18 U.S.C. § 924(c) is valid. The Court will, therefore, grant the Government's motion to dismiss insofar as it relates to Petitioner's supplemental motion to vacate.

## IV. CONCLUSION

Having concluded that Petitioner's *pro se* Motion to Vacate is untimely under § 2255(f)(1) and that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] and Petitioner's Supplemental Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 3] are **DENIED** and **DISMISSED** and the Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 24, 2019

Martin Reidinger
United States District Judge